**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**ISAIAH GRAFE, by his parents and next friends, Judd Grafe and Deanne Grafe,**

Plaintiff,

v.

**INDEPENDENT SCHOOL DISTRICT NO. 834, Stillwater, Minnesota,**

Defendant.

Civil No. 00-1690 (MJD/JGL)

**ORDER**

APPEARANCES

Mark G. Stephenson, Esq., by telephone, on behalf of Plaintiff.

Joseph J. Langel, Esq., on behalf of Defendant.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on December 12, 2000, on Plaintiff's Motion to Supplement the Record (Doc. No. 10). The case has been referred to the undersigned for resolution of pre-trial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED DEC 29 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD

## I. DISCUSSION

This matter is before the Court on Plaintiff's motion to supplement the record, brought in response to Defendant's claims that Plaintiff may not request reimbursement for private school fees nor for his legal fees and costs. The parties agreed at the hearing that if Plaintiff prevails on the merits, Plaintiff has a right to request attorney fees, therefore the Court will only address the issue of tuition costs.

The Supreme Court has held that the IDEA's grant of equitable authority empowers a court "to order school authorities to reimburse parents for their expenditures on private special education for a child if the court ultimately determines that such placement, rather than a proposed IEP, is proper under the Act." School Comm. of Burlington v. Department of Ed. Of Mass., 471 U.S. 359, 369 (1985). Congress intended that the promise of a "free appropriate public education" contained within the IDEA would normally be met by an IEP's provisions within the regular public schools or in private schools chosen jointly by school officials and parents. See Florence County Sch. Dist. Four v. Carter, 510 U.S. 7, 12 (1993). However, in cases where the school officials and the parents are unable to come to a joint decision, and where the parents are willing and able to place their child in a private school, "it would be an empty victory to have a court tell them several years later that they were right but that these expenditures could not in a proper case be reimbursed by the school officials." Burlington, 471 U.S. at 370.

The Supreme Court has unequivocally stated that Congress intended to include retroactive reimbursement to parents in a proper case. See Carter, 510 U.S. at 12.

In the present case, the school district argues that because Plaintiff failed to introduce specific costs at the administrative hearings, that it does not have to reimburse Plaintiff should Plaintiff prevail on the merits. The school district argues that undocumented private school tuition puts an unreasonable burden on local educational authorities. The school district further asserts that it cannot control costs if it has to reimburse dissatisfied parents for any private school tuition that provides a proper education under the IDEA, no matter how expensive it may be. The Supreme Court addressed this argument when it stated:

> There is no doubt that Congress has imposed a significant financial burden on States and school districts that participate in IDEA. Yet public educational authorities who want to avoid reimbursing parents for the private education of a disabled child can do one of two things: give the child a free appropriate education in a public setting, or place the child in an appropriate private setting of the State's choice. This is IDEA's mandate, and school officials who conform to it need not worry about reimbursement claims.

Carter, 510 U.S. at 15.

While parents who unilaterally change their child's placement during the pendency of review proceedings do so at their own financial risk, Burlington, 471 U.S. at 373-74, parents are entitled to reimbursement "if a federal court concludes both that the public

placement violated IDEA and that the private school placement was proper under the Act." Carter, 510 U.S. at 15. It is only once a court holds that the public placement violated IDEA that it is authorized to "grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2). In making its determination, a reviewing court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2). The statute clearly allows the reviewing court to expand the administrative record, although the court must give due weight to the administrative proceedings. See Roland M. v. Concord Sch. Comm., 910 F.2d 983, 996 (1st Cir. 1990), cert. denied, 499 U.S. 912 (1991). "[A] party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so." Id. Plaintiff has provided such solid justification here: the actual costs were unnecessary at the administrative levels, as the administrative hearing officer did not award Plaintiff reimbursement costs, and the school district agreed that if Plaintiff prevailed, the school district would be responsible for reimbursement. If Plaintiff prevails at the district court level, Plaintiff's actual costs may be relevant and necessary. Thus, Plaintiff shall be allowed to supplement the record and supply tuition costs if necessary.

If Plaintiff is entitled to reimbursement for his private school tuition, Plaintiff may supplement the record with the actual costs at such

time as the Court deems necessary. This Court is not aware of any controlling case law which bars Plaintiff's reimbursement due to Plaintiff's failure to introduce evidence of actual costs at the administrative level. In fact, Supreme Court case law suggests otherwise, noting that the IDEA was intended to ensure that children with disabilities receive an education that is both appropriate and free. See Burlington, 471 U.S. at 373. Additionally, the court enjoys "broad discretion" in taking into account relevant, equitable considerations in fashioning its relief. Id. at 369, 374. Thus, Plaintiff's motion is granted. However, the Court notes that the District Court Judge has the ultimate authority to grant such relief as that court determines is appropriate. See 20 U.S.C. § 1415(e)(2). It is the District Court, in "fashioning discretionary equitable relief under IDEA" which "must consider all relevant factors, including the appropriate and reasonable level of reimbursement that should be required." Carter, 510 U.S. at 16. This Court makes no determination regarding what level of reimbursement, if any, might be appropriate.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Supplement the Record (Doc. No. 10) is **GRANTED.**

Dated: December 29, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge